IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., § § Plaintiff, § § VS. § CONSTANTINO LOPEZ, Individually § and d/b/a TENAMPA NIGHT CLUB a/k/a § EL TENAMPA, § § Defendant. § § § § § § | CIVIL ACTION NO. H-10-1504 |

**MEMORANDUM AND ORDER**

The plaintiff, J&J Sports Productions, Inc., filed a request for entry of default and a motion for default judgment against Constantino Lopez, Individually and d/b/a TENAMPA NIGHT CLUB a/k/a EL TENAMPA. The defendant has failed to answer the complaint, as required by Fed. R. Civ. P. 12(a)(1), making entry of default proper. The plaintiff has filed affidavits and exhibits in support of its claims for damages and reasonable attorney's fees. Notice to the defendant and further hearings are not necessary. FED. R. CIV. P. 55(b)(2).

The plaintiff's submissions establish unauthorized interception and display of a display of a closed-circuit telecast boxing match, in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605.

The summary judgment evidence includes a copy of the license agreement between the plaintiff and the promoter of the May 5, 2007 championship fight between Oscar De La Hoya and Floyd Mayweather, including "undercard" or preliminary bouts. Under the license,

the plaintiff had the right to exhibit and sublicense the right to exhibit the closed-circuit telecast at issue to commercial establishments in Texas. Only establishments that the plaintiff contractually authorized could lawfully exhibit the May 5, 2007 event in Texas. If a commercial establishment was authorized by the plaintiff to receive and broadcast the event, arrangements would be made to allow the establishment to receive an "unscrambled" signal for the broadcast. Neither the defendant nor any representative of the defendant entered into a contract to obtain the rights to broadcast the boxing match or paid the necessary fee to display it. The defendant intercepted (or assisted in the interception of) the broadcast match and displayed it to patrons of the defendant's establishment, the Orchard Beer Parlor, without paying licensing fees. License fees are based on the establishment's capacity, with a typical minimum sublicense fee of $2,200.00. In order to obtain the signal, the defendant would have had to use an unauthorized decoder or satellite access card or otherwise illegally obtain an unscrambled signal. The plaintiff filed this suit. The defendant was served but failed to answer.

## II. Analysis

Section 605 of the Communications Act governs the "unauthorized publication or use of communications." 47 U.S.C. § 605. An individual violates section 605 by displaying an intercepted communication. Under section 605(e)(3), the "party aggrieved" may elect to recover either the actual damages sustained or statutory damages for each violation, in a sum of not less than $1,000.00 or more than $10,000.00. In any case in which the court finds that

the violation was committed "willfully" or for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not less than $10,000.00 and not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Costs and fees may be awarded. 47 U.S.C. § 605(e)(3)(B)(iii).

The record establishes that the defendant displayed the boxing match, without authorization, for commercial gain, establishing liability under section 605. The defendant is entitled to recover statutory damages. Several factors present in this case favor granting the maximum statutory damages of $10,000.00, as requested. The record establishes that defendant broadcast the event using an unlawful device. These factors, the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to plaintiff, and the need for an award sufficient to deter future piracy by defendants and others, weigh in favor of granting maximum statutory damages. The plaintiff has shown the basis for an award of $10,000.00 in damages under section 605(e)(3)(C)(i)(II).

The plaintiff also seeks an award of additional damages. Section 605 states that in any case in which the court finds that the violation was committed willfully and for the purpose of direct or indirect commercial advantage or private financial gain, the court may increase the award of damages by an amount of not more than $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). The record shows that defendant showed the boxing match on multiple televisions, including a big-screen television, for the purpose of increasing the business,

customers, and sales revenue. Based on the undisputed evidence, this court finds a willful violation and awards $50,000.00 additional damages beyond the $10,000.00.

As the prevailing party, the plaintiff is entitled to an award of its costs, including reasonable attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). The plaintiff has submitted an affidavit from its counsel supporting an award based on the lodestar fee calculation. The affidavit supports an attorney's fee award in the amount of $1,000.00, based on a $250 per hour rate. The submission demonstrates that the fees sought are reasonable.

The plaintiff has established its entitlement to judgment in the amount of $10,000.00 in statutory damages; $50,000.00 in enhanced damages; reasonable attorney's fees in the amount of $1,000.00, and postjudgment interest on all of the above at the rate of 0.29% *per annum*. Final judgment will be entered by separate order.

SIGNED on January 18, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge